Peck, J.
delivered the opinion of the court.
It is strenuously urged that the demurrer admits the truth of the plea that McLemore and Campbell stand in the relation of securities to the principal obligor M’lvor, and the action being barred as to Graham, the personal representative, is also barred as to the securities. Does the demurrer admit the fact as contended? The party defendants have set out the instrument on oyer, by which it does not appear that the defendants, McLemore and Campbell, are sureties. On the contrary, the bond appears to be a joint and several obligation; a replication to the matter of the plea, affirming that the obligation was joint, became unnecessary, because by the shewing of the defendants, they set forth the matter as fully as the same could have been replied. Let the question be disguised as it may, it amounts to this: can the co-obligors, Campbell and McLemore, plead the statute of limitations of two years, made for the benefit of executors and administrators? It is clear they cannot. The provision in the act of Assembly in favor of personal representatives can have no interpretation beyond its plain intention; it can have no construction to reach those beyond its purview. Any one of these defendants might have been sued for this debt. Even the seeming hardship vanishes when it is considered, that by the act of 1801, ch. 18. Campbell and McLemore, supposing them to be securities, had the right to give notice to the Bank and coerce suit within twenty days, and in default on the part of the Bank, in commencing the action, the securities would have been excused. If we take legislative provisions for our guide, let us take them altogether, and ascertain their bearings. We will find the provisions all broad enough on the one side to make the surety safe, on the other to secure the rights of creditors; but we are not to for *364 get in thus viewing the subject, that to have the benefits the acts confer, they must be asked for at a proper time and in legal form. Had the administrator, who only stands in the place of M’lvor, neglected to avail himself of the plea of limitations of two years, it would have beenlost to him; so too, the neglect of M’Lemore and Campbell-to require the institution of a suit in the manner pointed out. The right is lost by their laches.
This is not a case of conditional liability; there is no stipulation to become liable in default of M’lver; the liability is direct as to all.
It is not a case of the release of one, for that would be a direct act which would be proof either direct -or implied of satistaction.
In short, when we fix the relation of parties and look, to what has been done by them, the whole case is settled. The representative by the death of the principal, by a rule of express enactment, may stand exonerated; but this is no satisfaction, it is no release of the obligation which is single as to all the obligors.
•Judgment reversed.